IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Plaintiff,

v.                                                   No. CV 14-1027 MV/KK

NEW MEXICO STATE POLICE
"JON DOE OFFICERS,"
UNIVERSITY OF NEW MEXICO HOSPITAL
"JON DOE DOCTORS,"
VALENCIA COUNTY DETENTION CENTER
"JON DOE ADMINISTRATORS,"

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(A) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Tort Claim (Doc. 1-2) (the "complaint"). Plaintiff filed the complaint in the New Mexico Thirteenth Judicial District Court on September 8, 2014, and Defendant New Mexico State Police "Jon Doe Officers," removed it to this Court on November 12, 2014.  Defendant paid the filing fee.  Plaintiff is incarcerated and appears pro se. For reasons set out below, the Court will dismiss the complaint.

The Court reviews Plaintiff's complaint, initially, under § 1915A(a), (b).  As pertinent here, the statute provides that,

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion [thereof], if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.

§ 1915A(a), (b).  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the

plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The allegations in this removed complaint arise from events that occurred in 2010. Certain Defendants transported Plaintiff from the scene of an automobile accident without necessary medical treatment, and others conducted an illegal body-cavity search. Plaintiff also alleges that, after the 2010 events and until recently, the New Mexico Thirteenth Judicial District Court violated his rights to a speedy trial in a criminal proceeding, subjecting him to unlawful incarceration at Valencia County Detention Center. He contends that Defendants' actions violated certain of his constitutional protections. The complaint seeks damages.

As noted above, Plaintiff filed this complaint in the New Mexico Thirteenth Judicial District Court on September 8, 2014, and a Defendant removed the complaint to this Court. Just weeks before he filed the instant complaint, on August 21, 2014, Plaintiff filed an identical complaint in the New Mexico Second Judicial District Court, which was also removed to this Court in *Kirk v. New Mexico State Police "Jon Doe Officers," et al*, No. CV 14-0891 JH/SCY. Before either of these filings, on November 8, 2012, Plaintiff filed in this Court a complaint under 42 U.S.C. § 1983 in *Kirk v. University of New Mexico Hospital, et al*, No. CV 12-1157 JP/WPL. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's records); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). Although the earlier federal

complaint was not identical in form to the two state court complaints, the later state court complaints name parties from the federal action and assert injuries resulting from the same alleged events and conduct by Defendants.

This Court dismissed Plaintiff's first removed complaint, No. CV 14-0891 JH/SCY (Doc. 9), based on the legal doctrine that prohibits splitting of a plaintiff's claims. The Court has carefully reviewed Plaintiff's two removed complaints and finds them identical. The Court also notes, again, that the instant complaint reasserts a claim that the state court denied him a speedy trial. The Court will again dismiss this apparent claim without prejudice, *see Mid-Continent Cas. Co. v. True Oil Co.*, 767 F.3d 1000, 1005-06 (10th Cir. 2014), and will dismiss the remainder of the complaint with prejudice as duplicative of pending claims, *see Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011).

IT IS THEREFORE ORDERED that Plaintiff's apparent claim of denial of his speedy trial rights is DISMISSED without prejudice; otherwise, Plaintiff's complaint in this action is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

3